Donald Ray Brown v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-152-CR

DONALD RAY BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Donald Ray Brown appeals from a conviction for possession of  chemicals with intent to manufacture a controlled substance, namely methamphetamine.  A jury convicted him and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his brief, counsel has reviewed the history of the case, including detailing the evidence presented. Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.
(footnote: 3)  Although this court notified Appellant that he could file a pro se brief, he did not do so.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  We have carefully reviewed the record and counsel’s brief.  We agree that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 6)  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 11, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

5:
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

6:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).